UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:11-cr-00164-TWP-KPF |
| v. ) | |
| ) | |
| ERIC LAMONT JONES, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION TO SUPPRESS**

This mater is before the Court on Defendant Eric Lamont Jones ("Mr. Jones") Motion to Suppress. Specifically, Mr. Jones seeks to suppress all evidence obtained as a result of the search of the vehicle in which Mr. Jones was a passenger on August 19, 2011. As a preliminary matter, the Court finds there is no material dispute concerning the facts and the motion raises a purely legal question; therefore no evidentiary hearing is required. Pursuant to Federal Rule of Criminal Procedure 12(d), the Court now states its findings of fact and conclusions of law. For the reasons set forth herein, Mr. Jones Motion to Suppress (Dkt. # 35) is **DENIED**.

**I.   BACKGROUND**

On August 19, 2011, at approximately 3:50 a.m., Mr. Jones was a passenger in a white Chevrolet Impala, driven by Roderick Patton ("Mr. Patton"). While conducting routine patrol, Indianapolis Metropolitan Police Department ("IMPD") officer Marc Klonne ("Officer Klonne") observed the white Impala swerve into the left lane of oncoming traffic. Officer Klonne pulled the vehicle over to conduct a traffic stop and asked the driver to produce his driver's license. While approaching the vehicle, Officer Klonne observed the passenger attempting to exit the vehicle and he instructed the passenger to stay in the car. When asked for identification, the

passenger, Mr. Jones, stated he did not have any and he gave the name Lamont Johnson and a false date of birth. Officer Klonne inquired as to whom the owner of the vehicle was and Mr. Patton stated he believed it was the passenger, however he did not know the passenger's name; he only knew a nickname of "Shorty." After running the names provided on his laptop, Officer Klonne contacted dispatch to verify the identity of the occupants of the car. Meanwhile, assisting Officer Widmer arrived on the scene. The officers decided to place Mr. Johnson and Mr. Patton in handcuffs for officer safety, until they could confirm their identities. When Mr. Patton exited the driver's seat of the vehicle, Officer Klonne observed what he knew from experience to be a crack pipe, located in the seat where Mr. Patton had been sitting.

Subsequently, IMPD control contacted the officers and based upon descriptions and tattoos they were able to identify the passenger as Eric Jones. It was found that Mr. Jones had multiple warrants for his arrests, including a warrant for parole violation for possession of cocaine and a warrant for criminal confinement and robbery. Dispatch also informed Officer Klonne that the plates on the car came back to Stacey Bathe ("Ms. Bathe") and earlier that morning the vehicle had been reported stolen. Ms. Bathe reported that a male friend by the name of Eric Jones had taken her vehicle without permission. She gave a date of birth for the subject who had stolen her car and reported that Eric Jones had possession of a firearm which she believed he went out to sell. Immediately after making the report, Ms. Bathe called back and withdrew her claim and the status of her report was marked cancelled. (Def. Exhibit A.) Officer Alonzo Watford traveled to Ms. Bathe's residence to notify her that her vehicle had been found, at that time Ms. Bathe signed a stolen verification form for her automobile.

As both occupants of the vehicle were being arrested the vehicle was to be towed. Officer Widmer and Officer Klonne conducted an inventory search of the vehicle which revealed

the firearm that is the subject of the current indictment. Mr. Patton was arrested on charges of possession of paraphernalia and auto theft, and Mr. Jones was arrested on charges of firearm possession by a serious violent felon, auto theft and for the outstanding warrants. (Def. Exhibit C.)

## II. DISCUSSION

Mr. Jones asserts that the warrantless searches of the vehicle was unreasonable and, thus, unlawful under the Fourth Amendment. In *Katz v. United States,* 389 U.S. 347, 357 (1967), the Supreme Court stated that "searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment -- subject only to a few specifically established and well-delineated exceptions." In the present case, it is clear that the search of the vehicle was conducted without a warrant or prior approval by a judge. Therefore, it is necessary to determine whether the search at issue falls within a few specifically established and well-delineated exceptions which allow for a lawful warrantless search and seizure.

### A. Lawfulness of the Vehicle Search

Mr. Jones does not challenge the validity of the stop or his arrest, but instead challenges only the lawfulness of the search. Mr. Jones relies on *Arizona v. Gant* 129 S.Ct. 1710 (2009), and argues the search incident to his arrest was unlawful as he had been secured and could not access the inside of the vehicle. In *Gant*, the court explained "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Id.* at 1723. Rodney Gant was arrested for driving with a suspended license. After he was handcuffed and locked in the back of a police car, officers

searched his car and discovered cocaine in the pocket of a jacket on the backseat.  *Id*. The Supreme Court, emphasizing concerns of privacy, ruled that concerns of officer safety or evidence preservation are not sufficient to justify a search where the occupant no longer has access to weapons which may be inside the car and where the there is no probable cause to believe a vehicle contains evidence of the criminal activity which was the subject of the arrest. *Id*. at 346-347.

The Government argues that Mr. Jones reliance on *Gant* is entirely misplaced as the search of the vehicle was not completed incident to anyone's arrest; rather it was conducted based upon probable cause to search for further evidence of drug activity after the crack pipe was observed in plain view.  Additionally, the Government asserts that since both occupants were being arrested, the vehicle needed to be towed.  As such, the vehicle was properly inventoried and searched prior to being towed, pursuant to IMPD policy.

The Court finds the Government's argument to be persuasive.  "Probable cause to search exists where, based on the known facts and circumstances, a reasonably prudent person would believe that contraband or evidence of a crime will be found in the place to be searched." *United States v. Williams*, 627 F.3d 247, 251 (7th Cir. 2010).  Here, Officer Klonne's plain view observation of the crack pipe in the driver's seat of the vehicle was a clear indication that additional evidence of drug possession or other drug activity might be found in the car.  Under the automobile exception, a warrantless search of a vehicle is reasonable when there is probable cause to believe that the vehicle contains evidence of a crime.  *United States v. Zahursky,* 580 F.3d 515, 521 (7th Cir. 2009).  An officer has probable cause when, based on the totality of circumstances, there is a "fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates,* 462 U.S. 213, 238 (1983). In this case, no warrant was

needed for the search of the vehicle.

Further, Mr. Jones' resulting arrest for multiple outstanding warrants was clearly a lawful arrest. The search in this case clearly satisfies the threshold for a lawful search incident to an arrest, as outlined in *United States v. Cartwright,* 630 F.3d 610 (7th Cir. 2010). As explained by the Seventh Circuit Appellate Court in *Cartwright*, "[i]nventory searches constitute a well-recognized exception to the warrant requirement and are reasonable under the Fourth Amendment." *Cartwright,* 630 F.3d, at 613 (citing *South Dakota v. Opperman,* 428 U.S. 364, 376, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976)). An inventory search of a vehicle is lawful so long as the possessor of that vehicle is the subject of a lawful arrest and the search is conducted in accordance with existing inventory procedures. *Cartwright,* 630 F.3d at 614. In *Cartwright,* the court recognized the existence and validity of established impoundment and inventory procedures by which the IMPD operates. *Id.* at 615. IMPD policy permits and inventory search incident to the towing and impoundment of a vehicle "'operated by a non-licensed or suspended driver' or 'by [a] person under custodial arrest for any charge'." *Id.*

The facts in the instant case are clearly distinguished from those in *Gant*. As the Government argues, the search performed upon the automobile was a lawful inventory search conducted pursuant to IMPD policy. In this case, following Mr. Patton's and Jones' arrests Officer Klonne determined that the automobile, which had been reported stolen, was to be towed so that it could be returned to the owner, Ms. Bathe. Mr. Jones was subject to a lawful arrest, and because the inventory search of the automobile was conducted in accordance with existing inventory procedures, this inventory search unquestionably meets the threshold for a proper inventory search as outlined in *Cartwright*. Under these facts, the Court finds that the search of the automobile was conducted in accordance with the Fourth Amendment.

**B.     Evidentiary Hearing**

Because there is no dispute about the facts, no evidentiary hearing is required in this case. "District courts are required to conduct evidentiary hearings only when a substantial claim is presented and there are disputed issues of material fact that will affect the outcome of the motion." *United States v. Curlin*, 638 F.3d 562, 564 (7th Cir. 2011). Mr. Jones has not raised any disputed issue of material fact and both the Government and Mr. Jones offer facts based on Officer Klonne's police report. Although Mr. Jones alleges in footnote 10 of his Motion to Suppress that the IMPD case report (Deft's Exhibit C) and Dispatch Audio (Deft's Exhibit B) differ as to the timing of the search, and claims that this is a serious factual dispute, the Court finds no such dispute in these exhibits. Further, Mr. Jones does not articulate a specific dispute in the time or indicate how a time dispute would be material or relevant. As stated above, there was probable cause to search the vehicle resulting from Officer Klonne's observation of a crack pipe in the car. There was probable cause to arrest both occupants of the vehicle, Mr. Patton for possession of the crack pipe and Mr. Jones for the multiple outstanding warrants, which justified the inventory search. Whether or not Ms. Bathe withdrew her claim that the car was stolen is not relevant and does not create a material factual dispute.

### III. CONCLUSION

For the aforementioned reasons, no hearing is necessary and Mr. Jones' Motion to Suppress (Dkt. #35) is DENIED.

SO ORDERED.

10/02/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Juval O. Scott
INDIANA FEDERAL COMMUNITY DEFENDERS
juval.scott@fd.org

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE
michelle.brady@usdoj.gov