UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No. 1:11-cr-0164-TWP-DML |
| ERIC LAMONT JONES, | ) ) | - 01 |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On June 14, 2018, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on May 8, 2018 and the Supplemental Petition for Warrant or Summons for Offender Under Supervision filed on May 9, 2018. Defendant Jones appeared in person with his appointed counsel William Dazey. The government appeared by Michelle Brady, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Chris Dougherty.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Jones of his rights and ensured he had a copy of the Petition and the Supplemental Petition. Defendant Jones waived his right to reading of the Petition and the Supplemental Petition and orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Jones admitted violation nos. 1, 2, and 3 as set forth in the Petition and the Supplemental Petition. [Docket Nos. 106 and 107.]

3. The allegations to which Defendant admitted, as fully set forth in the Petition and the Supplemental Petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance."** |
| | Eric Jones submitted three urine drug screens which tested positive for synthetic marijuana ("spice") on: March 21, 2018; April 1, 2018; and April 9, 2018. On March 20, 2018, the offender and two other residents of Volunteers of America were suspected of being under the influence of synthetic marijuana due to their erratic behavior and physical condition and all were transported to the hospital due to the concern of their medical condition. The offender verbally admitted he smoked synthetic marijuana to produce each positive screen. |
| 2 | **"The defendant shall reside in a residential reentry center for a term of up to 180 days. You shall abide by the rules and regulations of the facility."** |
| | Eric Jones arrived at Volunteers of America on February 27, 2018, and has incurred 14 incident reports which detail various violations of facility rules. The most troubling violations are his possession and use of synthetic marijuana while in the facility. |
| | The most recent violation was for being AWOL from the facility and occurred on May 6, 2018. Eric Jones walked out of VOA at approximately 6:00 p.m., without a pass or permission. He returned to the facility on May 7, 2018, at approximately 1:25 a.m. Mr. Jones smelled of alcohol, tested positive on a breathalyzer test, and admitted he had been drinking alcohol in the "last several hours." |
| | The offender has incurred other violations for: smoking cigarettes; being late and out of place on passes; possessing a lighter; passing money; and disruptive conduct. |

3   **"You shall reside in a residential reentry center for a term of up to 180 days. You shall abide by the rules and regulations of the facility."**

The offender was allowed to leave Volunteers of America (VOA) on May 7, 2018, at approximately 3:10 p.m. to seek medical treatment at Eskenazi Hospital for prior injuries he received when AWOL on May 6, 2018. Staff at VOA called Eskenazi Hospital at 10:09 p.m., and was told he was released from the emergency room sometime after 8:13 p.m. All of Mr. Jones' emergency contacts were called to no avail. There has been no contact with the offender since May 7, 2018, and his whereabouts are unknown.

4. The Court finds that:

    (a) The highest grade of violation is a Grade C violation.

    (b) Defendant's criminal history category is V1.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 8 to 14 months' imprisonment.

5. The parties jointly recommended an upward departure of twenty-four (24) months of imprisonment with no supervised release to follow. Defendant requested a recommendation of placement at USP Marion, Illinois.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions set forth in the Petition and the Supplemental Petition. The Magistrate Judge accepts and adopts as though fully set forth herein the multiple aggravating factors detailed by counsel for the United States on the record of the hearing as justification for the upward sentencing departure recommended by the parties, and recommends that Defendant's supervised release be revoked, and that Defendant be sentenced to the custody of the Attorney General or his designee for a period of twenty-four (24) months with no supervised release to follow. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation. The

Magistrate Judge further recommends that the Court recommend Defendant's placement at USP Marion, Illinois.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Dated:  14 JUN 2018

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal